# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**CHARLES PRUITT, JR.**                                              **PLAINTIFF**
**ADC #091574**

**V.**                    **NO. 3:24-cv-186-DPM-ERE**

**SANDRA LAKE,** *et al.*                                       **DEFENDANTS**

## <u>ORDER</u>

*Pro se* plaintiff Charles Pruitt, Jr. has filed a motion requesting that the Court: (1) allow him to proceed with this lawsuit now that the bankruptcy stay has been lifted; and (2) provide him court-appointed counsel. *Doc. 31*. The Court will address each request separately.

**1.**      **Request to Proceed**

On May 23, 2025, the Court reopened this case and lifted the bankruptcy stay. *Doc. 30*. As a result, this lawsuit may proceed. However, at this time, a Partial Recommended Disposition recommending that Mr. Pruitt's claims against Defendant Cuclager be dismissed is pending. *Doc. 18*. Once this is ruled on, the Court will enter an Initial Scheduling Order setting a deadline for the parties to file a motion for summary judgment raising the issue of exhaustion and staying all merits discovery until the Court addresses any exhaustion issues.

2. **Request for Court-Appointed Counsel**

A *pro se* litigant in a civil case does not have a statutory or constitutional right to appointed counsel. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, the Court may, in its discretion, appoint counsel if the *pro se* prisoner has stated a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson*, 902 F.3d at 850 (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id.*; *Phillips*, 437 F.3d at 794. The decision to appoint counsel is based on the circumstances of each case.

This case is neither factually nor legally complex. And Mr. Pruitt has demonstrated the ability to present his claims and pursue this case. It is understandable that Mr. Pruitt would prefer to be assisted by court-appointed counsel, but his desire for counsel alone is not the only factor the Court must consider. After considering all relevant factors, the Court declines to appoint counsel at this point in the case.

IT IS THEREFORE ORDERED THAT:

    1.    Mr. Pruitt's motion (*Doc. 31*) is GRANTED, in part.

    2.    Mr. Pruitt's request for the appointment of counsel is DENIED, without prejudice.

    3.    The Clerk of the Court is directed to reopen the partial recommended disposition (*Doc. 18*) as pending.

SO ORDERED 2 June 2025.

_____
UNITED STATES MAGISTRATE JUDGE