IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CHARLES PRUITT, JR.**                                                            **PLAINTIFF**
**ADC #091574**

V.                            NO. 3:24-cv-186-DPM-ERE

**SANDRA LAKE,** *et al.*                                                          **DEFENDANTS**

## ORDER

*Pro se* plaintiff Charles Pruitt, Jr. has moved to amend his complaint to add Wellpath Holdings, Inc., as a party Defendant. *Doc. 35*. Because Mr. Pruitt alleges no facts that would support a plausible claim against Wellpath, the motion is denied as futile.

It is well settled that a corporation, such as Wellpath, cannot be held liable for the wrongful conduct of its employees in a § 1983 action. *Burke v. North Dakota Dept. of Corrs. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002). A corporation can only be held liable if it had unconstitutional policies or practices that caused Mr. Pruitt's injuries. *Id.*; *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 975-976 (8th Cir. 1993). In his motion, Mr. Pruitt fails to allege that a Wellpath policy, custom, or practice violated his constitutional rights.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a court should "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(3).

However, the Court may appropriately deny amendment of a pleading for various reasons, including futility of the proposed amendment. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Here, based on the lack of factual allegations in Mr. Pruitt's motion, allowing him to amend his complaint would be futile. *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (citations omitted) ("Duplicative and frivolous claims are futile.").

IT IS THEREFORE ORDERED THAT Mr. Pruitt's motion to amend his complaint (*Doc. 35*) is DENIED.[1]

Dated 8 August 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Motions to amend are nondispositive pretrial motions, appropriately decided by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). See *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 893 n.9 (8th Cir. 2005) (designating magistrate judge's denial of motion to amend as an "order denying [a] nondispositive pretrial motion").