IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHARLES PRUITT, JR.                                                      PLAINTIFF
ADC #091574

V.                          NO. 3:24-cv-186-DPM-ERE

SANDRA LAKE and
MAJORIE PARROTT HALL                                              DEFENDANTS

## ORDER

*Pro se* plaintiff Charles Pruitt, Jr. has filed a motion requesting: (1) an Order compelling Defendants to produce specific evidence; (2) court-appointed counsel; and (3) a subpoena for video footage from Arkansas Division of Correction ("ADC") officials. *Doc. 49*. Defendants have now responded to Mr. Pruitt's motion. *Doc. 52*.

I previously denied Mr. Pruitt's request for court-appointed counsel (*Docs. 32, 51*) and deny his pending request for the previously stated reasons. And I deny Mr. Pruitt's two remaining requests for the following reasons.

Mr. Pruitt requests an Order compelling Defendants to produce: (1) all sick call requests from 2022 to present; (2) all medical notes relating to Mr. Pruitt; (3) all of Mr. Pruitt's lab results; (4) all disciplinary related evidence regarding each Defendant; (5) any other evidence regarding any other complaints or grievances against each Defendant; and (6) all evidence relating to both Defendants' alcohol

and drug use. Mr. Pruitt also requests that I subpoena security footage taken on December 10, 2025, January 6, 2025, and June 13, 2025.

In their response to Mr. Pruitt's motion, Defendants explain that: (1) Mr. Pruitt's medical records are available for viewing according to the ADC policies and procedures, and, in addition, they have previously provided Mr. Pruitt copies of his relevant medical records; (2) Mr. Pruitt's grievances are maintained by the ADC and also available for viewing, and, in addition, they have previously provided Mr. Pruitt copies of his relevant medical grievances; (3) after inquiry, they have confirmed that the requested video footage does not exist; and (4) the remaining evidence related to Defendants' disciplinary history and alcohol or drug use is irrelevant to Mr. Pruitt's medical deliberate indifference claims.

Defendants' response indicates that they have responded to Mr. Pruitt's discovery requests and provided requested documents that are both relevant to Mr. Pruitt's claims and "proportional to the needs of the case." See FED. R. CIV. P. 26(b)(1) (defining the scope of discovery).

IT IS THEREFORE ORDERED THAT Mr. Pruitt's motion for order (*Doc. 49*) is DENIED.

SO ORDERED 29 December 2025.

_____
UNITED STATES MAGISTRATE JUDGE